# IN THE COURT OF APPEALS OF IOWA

No. 18-0585
Filed January 23, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM JOHN SIMPSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

William Simpson appeals the sentence imposed upon his conviction of assault with intent to inflict serious injury. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

William Simpson appeals the sentence imposed upon his conviction of assault with intent to inflict serious injury. He argues the court abused its discretion by imposing an excessive sentence. Because the sentence is within statutory limits, it is "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Simpson's abuse-of-discretion argument is limited to the following:

> The district court considered Mr. Simpson's aggravating factors solely such as his criminal history and the nature of the offenses, it failed to consider any of the mitigating factors presented by Mr. Simpson's counsel as well as those contained within the pre-sentence investigators report. Specifically, Mr. Simpson was 46 years old, long standing member of the community and gainfully employed. Additionally, the pre-sentence investigator recommended Mr. Simpson enlists in a class to assess and change behavior. None of these characteristics were considered . . . when his sentence was imposed.

At the sentencing hearing, the State requested the imposition of a term of incarceration in the amount of two years, citing Simpson's "significant criminal history as evidenced in the presentence investigation report." The State highlighted Simpson's "last conviction for assault causing bodily injury in 2014," the similarity in Simpson's conduct between that and the instant offense, and the fact that a short stint in jail and term of probation was "insufficient to deter him from committing this crime." The State requested a prison sentence for purposes of deterrence and rehabilitation. The State also referenced the nature and circumstances of the instant offense and its effect on the victim.

Simpson requested a suspended prison sentence as was recommended in the presentence investigation report. Defense counsel related:

> He has a great support system, as evidenced by the folks that are in this room today. He's got his wife . . . and his kids. He also has his employer here . . . . He's been employed . . . with that person since January of this year.
> There ha[ve] been no issues since this incident. . . . .
> . . . .
> Again, he's a resident of Marshalltown. He has a house; he has a job; he's got the family support and structure behind him. The Department of Corrections believes that he can succeed on probation, and I think . . . the court should allow him to prove that.
> . . . .
> Again, during this time period, he hasn't had any other run-ins or issues with the law. . . .
> . . . [H]e has been able to abide by [the no-contact order] and really no animosity or problems or issues with the no-contact order, and would concede and have no issue with abiding by a future no-contact order for five years. Again, I don't believe he is a significant threat to the community. I believe he can be sufficiently watched or provided for on probation.
> And for those reasons, we would ask that the sentence in this case be suspended and Mr. Simpson be placed on probation.

In reaching its sentencing decision, the court discussed Simpson's age, the nature of the crime charged, his "significant prior criminal history," his employment, his "significant family ties," and the fact that he is the father of four children. The court went on to specify its concerns for the crime, highlighting the physical, mental, and emotional harm suffered by the victim as indicated in the victim impact statement. The court noted its obligation to rehabilitate Simpson and deter others from committing similar crimes. See Iowa Code § 901.5 (2017). The court noted placing Simpson on probation in connection with his prior assault conviction was insufficient for rehabilitation and the commission of the instant offense occurred while he was still on probation. The record also indicates the court conducted a detailed review of the presentence investigation report. In its written sentencing

order, the court expressed its consideration of Simpson's age, criminal history, attitude toward rehabilitation, facts and circumstances of the case, family and employment circumstances, need for protection of the community, and the deterrent impact of the sentence. *See id.* §§ 901.5, 907.5(1); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015).

The record affirmatively establishes the court considered more than just the aggravating circumstances. The record also shows the court specifically took into account all the factors Simpson complains it did not consider. The fact that the court gave greater weight to particular factors—the circumstances of the crime, Simpson's criminal history, protection of the community, deterrence of similar conduct, and Simpson's rehabilitation—does not show the court abused its discretion or failed to consider mitigating circumstances. It only shows that the court appropriately exercised its discretion in deciding to assign certain factors greater weight and concluding a term of incarceration was appropriate. Likewise, the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We find no abuse of discretion and affirm Simpson's sentence.

**AFFIRMED.**